IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:02-CR-30 |
| | ) | |
| CHARLES MICHAEL BEATTY | ) | |

## **MEMORANDUM AND ORDER**

This criminal case came before the court on April 27, 2009, upon the defendant's motion for a discharge hearing [doc. 121]. The defendant was present with his attorney John Eldridge and the United States was represented by attorney Gregory Weddle. Dr. Dionne Hart, a staff psychiatrist for the Bureau of Prisons in Rochester, Minnesota, appeared by teleconference and testified as to her findings based on her psychiatric evaluation of the defendant. The court has reviewed the relevant reports from the Bureau of Prisons and Dr. Hart, as well as the transcript of her testimony, and concludes that the defendant may be conditionally released from custody pursuant to 18 U.S.C. § 4243(f).

The most recent diagnoses of the defendant by the Bureau of Prisons and Dr. Hart are: Antisocial Personality Disorder, Narcissistic Personality

Traits (Axis II) and cocaine and marijuana dependence, in remission in a controlled environment (Axis I).[1] Dr. Hart's report states:

> The essential feature of an antisocial personality disorder is a pervasive pattern of disregard and violation of the rights of others that begins in childhood or early adolescence and continues into adulthood. Mr. Beatty demonstrates little interest in conforming to social norms with respect to lawful and ethical behavior.

According to Dr. Hart there are no medications presently available to treat antisocial personality disorder. Dr. Hart agreed that Mr. Beatty's substance abuse issues in combination with his antisocial personality disorder "substantially impair his ability to function in society and control his behavior." Thus, Dr. Hart opined that Mr. Beatty is at chronic risk of being a substantial risk of bodily injury to another person and that he is in need of chemical dependance treatment.

The United States argues that Mr. Beatty's antisocial personality disorder combined with his cocaine and marijuana dependence constitute a mental defect, and only conditional release is appropriate. The defendant, on the other hand, argues that antisocial personality disorder is not a mental disease or defect and he should be released unconditionally.

The case of *United States v. Murdoch*, 98 F.3d 472 (9th Cir. 1996) is instructive on this issue. Mr. Murdoch was charged with two counts of attempted

---

[1] There have been other diagnoses by the Bureau of Prisons in the past, including Bipolar Disorder and Schizophenia, but the most recent reports from the Bureau of Prisons conclude that the defendant is not suffering from either of these mental diseases or defects.

2

murder and two counts of using a firearm and found not guilty by reason of insanity. He was committed to a medical facility for evaluation, and a panel of two psychologists and one psychiatrist found that the defendant suffered from a "Personality Disorder, Not Otherwise Specified with Narcissistic and Passive-Aggressive traits." At the time of the offense, the defendant was "under severe stress and, due to his personality disorder, lacked the ability to cope with the stress." On appeal, the defendant argued that his personality disorder was not a mental defect or disease and he should be released unconditionally. *Murdoch*, 98 F.3d at 474-75.

The Ninth Circuit recognized that '[i]f a person has dangerous propensities, but these propensities are not the result of a mental disease or defect, continued confinement is not justified under section 4243. A person found not guilty by reason of insanity 'many be held as long as he is both mentally ill and dangerous, but no longer.'" *Id.* at 476 (quoting *Foucha v. Louisiana*, 504 U.S. 71, 77 (1992)). Nevertheless, the Ninth Circuit affirmed the district court based on the evidence that if the defendant "were released he would confront the same or similar stress which led to his previous violent behavior. It is clear that Murdoch's personality disorder impairs his ability to cope with stress." *Id.*

Likewise, in this case, the court finds that the defendant's ability to control his dangerous propensities is affected by his use of mind-altering substances. Although the defendant has received some drug treatment, there is

3

evidence in the record that the defendant continues to be unable to avoid using cocaine and marijuana.  On March 11, 2004, the defendant was conditionally released, but seven months later, on November 17, 2004, the supervising probation officer filed a petition for a warrant because she had received information that the defendant was using drugs.  By agreed order, his conditional release was revoked, and he was returned to the custody of the Attorney General.  On November 30, 2006, following receipt of the reports from the Bureau of Prisons, the defendant was again conditionally released, and six months later a petition was filed because the defendant's drug use.  His conditions of release were modified then, and again on July 10, 2007, when he was placed at Midway Sanction Center, a halfway house because of his drug use.  On October 9, 2007, after testing positive for controlled substances, the defendant was discharged from Midway, and this court ordered the defendant back into the custody of the Bureau of Prisons, recommending his participation in the 500-hour substance abuse program.  It does not appear, however, that the defendant ever received the 500-hour substance abuse program while incarcerated at the Federal Medical Center at Rochester, Minnesota.

       As can be seen, the defendant has been unable to control his use of mind-altering substances.  The court finds that the defendant's continued drug use combined with his antisocial personality disorder impairs his ability to control his behavior and makes him a risk for further violence in the community.  The

4

court recognizes that there are many drug abusers in the community who are not necessarily violent, and many persons who have some level of antisocial personality disorder who are also not violent. But, as opined by Dr. Hart, in Mr. Beatty's case the combination of these two conditions place him at a chronic risk of bodily injury to another person.

Therefore, the court declines to unconditionally release the defendant from custody. The court will release the defendant with the conditions recommended by the Bureau of Prisons:

1. Mr. Beatty shall be supervised by the United States Probation Office for an indefinite period of time. Any changes to an inactive supervision status will be approved, in advance, by the Court.

2. While on supervised release, he shall not commit another federal, state, or local crime; he shall comply with the standard conditions that have been adopted by this court in Local Rule 83.10; and shall not illegally possess a controlled substance.

3. He shall not possess a firearm, destructive device, or any other dangerous weapon.

4. He shall reside and enter into chemical dependency treatment at Steps House, 712 Boggs Avenue, Knoxville, Tennessee. He shall abide by all the rules and regulations of the facility and comply with

whatever treatment regimen that Steps House staff and clinicians recommend.

5. He shall obtain approval, in advance, from the U.S. Probation Officer for any change in residence.

6. He shall maintain active participation in a regimen of mandatory outpatient alcohol and drug treatment along with mental health treatment, as directed by the U.S. Probation Officer.

7. He shall waive his rights to confidentiality regarding his mental health and alcohol /drug treatment in order to allow sharing of information with the U.S. Probation Officer and treatment providers.

8. He shall abstain from alcohol and all unprescribed mood altering substances and shall submit to testing for use of alcohol and drugs at the direction of the U.S. Probation Officer.

9. He is restricted from travel outside of the Eastern District of Tennessee except without the prior approval of the U.S. Probation Officer.

10. He shall not frequent bars, clubs, or other establishments where alcohol service is the primary business.

11. He shall not possess a cell phone without the written permission of the Probation Officer.

12. He shall obtain and maintain gainful employment, unless excused from doing so by the U.S. Probation Officer.

Mr. Beatty's failure to adhere to any of these conditions will result in his arrest and a subsequent review by this court to determine whether Mr. Beatty remains eligible for continued release into the community.

ENTER:

    *s/ Leon Jordan*
United States District Judge

7

Case 3:02-cr-00030-RLJ-CCS   Document 128   Filed 05/28/09   Page 7 of 7   PageID #: 181