UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:02-CR-030 |
| | ) | |
| CHARLES MICHAEL BEATTY | ) | |

### MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's January 2016 "Petition for Discharge" filed by counsel [doc. 170]. Also pending is the defendant's May 2016 *pro se* motion for leave to represent himself [doc. 178]. For the reasons that follow, these motions will be denied.

The defendant was indicted in this court in March 2002 on charges of bank robbery and motor vehicle theft. In October 2002, the Honorable James H. Jarvis found the defendant not guilty by reason of insanity based on a diagnosis of severe antisocial personality disorder [doc. 39]. As required by statute, the defendant was "committed to a suitable facility until such time as he is eligible for release pursuant to [18 U.S.C. § 4243(e)]." *See* 18 U.S.C. § 4243(a). In pertinent part, § 4243(e) mandates that the defendant remain committed until he demonstrates that his "mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would not create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4243(e)(2).

This case was transferred to the undersigned on September 29, 2006. Both prior to and since that date, the defendant has been conditionally released pursuant to 18 U.S.C. § 4243(f)(2) on multiple occasions [docs. 67, 105, 110, 128]. Every attempt at conditional release has been unsuccessful [docs. 77, 108, 120, 131, 139, 150, 167] due to the defendant's failures to comply with his conditions of release.

Most recently, in 2012, the defendant fled from a halfway house and engaged in a multistate crime spree. He was sentenced last month by the United States District Court for the Middle District of Georgia to a 71-month term of imprisonment for one of those crimes (another bank robbery). As of this writing, the defendant is awaiting designation to a Bureau of Prisons ("BOP") facility.

In the Georgia case, the defendant was found competent to stand trial. The instant Petition for Discharge in this court soon followed. "Based on that competency filing, and the no doubt upcoming lengthy prison sentence, Mr. Beatty seeks a discharge from this Court from his previous civil commitment . . . ." [Doc. 170]. To succeed on his petition, the defendant "has the burden of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." 18 U.S.C. § 4243(d).

It was this court's intention to rule on the defendant's petition prior to his Georgia sentencing. In furtherance of that goal, this court conducted a status conference on February 29, 2016. The Georgia court agreed to postpone sentencing, and this court authorized the expenditure of $496.40 to obtain a transcript of the Georgia competency

2

hearing. This court ultimately abandoned that plan, however, primarily due to the uncertainty stemming from the defendant's subsequent *pro se* motion to withdraw his Georgia guilty plea. This court's thinking was further impacted by a postcard received from the defendant on March 21, 2016. Therein, the defendant stated,

> The Bureau of Engraving and Printing along with the 400 billion dollars I can have invested in the Southern District of Georgia can for the the [sic] most part take care of "Zika & Flint Water Crisis". . . I have already written Secret Service & Homeland Security. I myself had a sexual relationship for many years with woman who worked for "Homeland Security" and trained Border Patrol agent who was guned [sic] down by guns sold to Mexican cartel by *666 Eric Holder "Fast and Furious" – failure. I will be back in circulation. . . "Guantanamo Bay" must stay open. I will solve 18 trillion dollar debt. I will land proper space craft on proper planet. I will dive to 30,000 feet. . . . .

[Doc. 177].

In light of the above, a ruling on the defendant's Petition for Discharge would be premature and little more than an academic exercise for which this court has neither the time nor the resources. The court acknowledges that the defendant was found competent to stand trial in Georgia based on 2014 and 2015 evaluations by a psychologist at the BOP's Federal Correctional Institution in Butner, North Carolina. It should be noted, however, that the defendant challenged the Georgia court's competency finding, producing his own expert who opined that the defendant was "not competent," "very, very disturbed," and "actively psychotic during my meeting with him." In any event, the standard for competency to stand trial and the standard under § 4243(e) are not the same.

This court also has before it a December 2014 Annual Risk Assessment from a panel at the BOP's Federal Medical Center in Rochester, Minnesota. That report

3

"recommend[ed] the court to consider discontinuing Mr. Beatty's commitment." However, the writers acknowledged that the defendant had not been at their facility since February 2014 and thus they could not "currently offer an opinion on his current mental health status. Therefore, a certificate of discharge is not being provided to the court at this time."

The undersigned is well-familiar with Mr. Beatty, having conducted numerous conditional release and revocation hearings. This court has seen first-hand the defendant's unpredictable conduct and his ever-shifting mental status. Ruling on his Petition for Discharge at this time would require this court to conduct a risk assessment for a release date several years in the future. With conflicting expert reports on file (not to mention the recent postcard which can only be described as delusional), it would be inappropriate for the court to waste its limited resources on such uncertainty.

The court recognizes (or at least presumes) that the defendant is now in BOP custody under two seemingly contradictory statuses. He is serving a term of imprisonment (having been found competent to stand trial by the Georgia court) but is also under commitment from this court due to previously being found not guilty of a different crime by reason of insanity. Ultimately, that conflict is a matter for resolution by the BOP. For example, the director of the BOP facility at which the defendant is housed can certify to this court, pursuant to 18 U.S.C. § 4243(f), that the defendant's commitment status should end. If such a certification is received, this court will promptly address it.

For the reasons provided herein, the defendant's Petition for Discharge [doc. 170] is **DENIED WITH LEAVE TO RENEW <u>no earlier than six months prior to his projected release date from the service of his Georgia bank robbery sentence</u>**. Further, the court's chambers has been advised by defense counsel that the defendant has changed his mind and again wishes to be represented by that court-appointed attorney. The issue of representation is also mooted by the court's denial of the Petition for Discharge. The defendant's motion to proceed *pro se* [doc. 178] is accordingly **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge