# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:02-CR-030 |
| | ) | |
| CHARLES MICHAEL BEATTY | ) | |

## <u>MEMORANDUM AND ORDER</u>

The defendant was indicted in this case in March 2002 on charges of bank robbery and motor vehicle theft. In October of that year, the Honorable James H. Jarvis found the defendant not guilty by reason of insanity based on a diagnosis of severe antisocial personality disorder [doc. 39].

As required by statute, the defendant was then "committed to a suitable facility until such time as he is eligible for release pursuant to [18 U.S.C. § 4243(e)]." *See* 18 U.S.C. § 4243(a). In pertinent part, § 4243(e) mandates that the defendant remain committed until he demonstrates that his "mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would not create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4243(e)(2).

Now before the court is the "Certificate of Recovery and Request for Discharge from Psychiatric Hospitalization" submitted by the warden of the United States Medical Center for Federal Prisoners, Springfield, Missouri. [Doc. 182, p.2]. The certificate is filed pursuant to 18 U.S.C. § 4243(f), which provides in relevant part:

When the director of the facility in which an acquitted person is hospitalized pursuant to subsection (e) determines that the person has recovered from his mental disease or defect to such an extent that his release . . . would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. . . . The court shall order the discharge of the acquitted person or, on . . . its own motion, shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine whether he should be released. If, after the hearing, the court finds by the standard specified in subsection (d) that the person has recovered from his mental disease or defect to such an extent that—

(1) his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall order that he be immediately discharged[.]

18 U.S.C. §4243(f)(1).

The court conducted a status conference on March 27, 2017. Present were the Assistant United States Attorney and counsel for the defendant. Both attorneys advised the court that they have no objection to the Certificate of Recovery and Request for Discharge from Psychiatric Hospitalization.

The court has carefully considered the Bureau of Prisons' certification, and the February 27, 2017 Forensic Psychological Report attached thereto, through the lens of the court's longstanding familiarity with the present defendant. Having done so, the court is in agreement with the recommendation of the Bureau of Prisons. The court accordingly finds that, through the unopposed certificate and psychological report, the defendant has shown by clear and convincing evidence "that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another *due to a present mental disease or defect*." 18 U.S.C. § 4243(d) (emphasis added).

2

The defendant is accordingly **DISCHARGED**, pursuant to 18 U.S.C. § 4243(f), from his § 4243(a) commitment in Eastern District of Tennessee case number 3:02-CR-030.

**IT IS SO ORDERED.**

ENTER:

_____
s/ Leon Jordan
United States District Judge